UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and
JAVIER OLIVO, JR.,

**COMPLAINT**

               Plaintiffs,

Docket No.

    -against-

<u>Jury Trial Demanded</u>

CITY OF NEW YORK and JOHN and JANE DOE 1 through
10, individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

              Defendants.

------------------------------------------------------------X

      Plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO,

JR., by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully

allege as follows:

## Preliminary Statement

    1.    Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitution of the United States. Plaintiffs

also assert supplemental state law claims.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs assert

supplemental state law claims pursuant to common law and the New York State Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.    Plaintiff EMMANUEL RODRIGUEZ is a twenty-five year old Hispanic American man residing in Brooklyn, New York.

7.    Plaintiff ANTHONY BARETTO is a twenty-three year old Hispanic American man residing in Brooklyn, New York.

8.    Plaintiff JAVIER OLIVO, JR. is a twenty-four year old Hispanic American man residing in Brooklyn, New York.

9.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.    Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

11.    That at all times hereinafter mentioned, the individually named defendants, JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12.    That at all times hereinafter mentioned the defendants, either personally or

2

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

14.     On May 14, 2011, at approximately 6:30 p.m., across from 110 Scholes Street, Brooklyn, New York, plaintiffs Rodriguez and Baretto were seated in Mr. Rodriguez's vehicle speaking to their friend, plaintiff Olivo, through the passenger side window of their vehicle.

15.     At that time and place, the defendant police officers pulled up in front of Mr. Rodriguez's vehicle, exited their police vehicle, and approached plaintiffs.

16.     An officer immediately escorted Mr. Olivo to the back of Mr. Rodriguez's vehicle.

17.     Another officer approached the driver's side of Mr. Rodriguez's vehicle, stated to Mr. Rodriguez, in sum and substance, get the fuck out, and started to pull on Mr. Rodriguez's shirt.

18.     Moments thereafter, an officer deployed pepper spray into the car.

19.     An officer then opened the driver's side door and forcefully pulled Mr. Rodriguez out of the car.

20.     While this was happening, Mr. Baretto exited the passenger side of the vehicle.

21.     The officers handcuffed plaintiffs, searched them, and searched Mr. Rodriguez's vehicle.

3

22.     While Mr. Rodriguez was handcuffed, standing by the vehicle, a defendant officer, without reason or justification, grabbed and pulled Mr. Rodriguez's leg, causing him to fall to the ground and fracturing his arm.

23.     Mr. Rodriguez immediately realized that his arm had been severely injured, and stated to the officers, in sum and substance, my arm is broken, I need an ambulance.

24.     The officers ignored Mr. Rodriguez's request for treatment, leaving him sitting, rear handcuffed, on the ground, for approximately five minutes, before pulling him to his feet and imprisoning him, rear handcuffed, in a police vehicle.   The officers also imprisoned plaintiffs Baretto and Olivo in the police vehicle.

25.     The officers imprisoned plaintiffs, rear handcuffed, in the vehicle for approximately one-half hour before bringing them to the 90th Police Precinct Stationhouse and imprisoning them therein.

26.     After what had been an unreasonable delay, the officers requested medical attention for Mr. Rodriguez.

27.     Mr. Rodriguez received treatment at Woodhull Medical Center and Long Island University Medical Center.   Doctors confirmed that Mr. Rodriguez had sustained a fractured right arm.

28.     On or about May 15, 2011 at 10:00 p.m., the defendants released plaintiff Olivo without charging him with any crimes or offenses.

29.     The defendants and other NYPD officers imprisoned plaintiffs Rodriguez and Baretto until May 16, 2011 when they were arraigned in Kings County Criminal Court on baseless charges filed under docket numbers 2011KN038625 and 2011KN038623, respectively; said charges having been filed based on the false allegations of defendants. The defendants

4

initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned acts of police brutality and misconduct.

30.    All the false charges levied against plaintiff Baretto were dismissed and sealed at his arraignment.

31.    Plaintiff Rodriguez was compelled to return to court on numerous occasions until on May 1, 2012 when all the false charges levied against him were adjourned in contemplation of dismissal.

32.    The defendant NYPD officers JOHN and JANE DOE 1 through 10 either participated in, or were present, or otherwise aware of the incident, and failed to intervene in the illegal conduct described herein.

33.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the excessive and unreasonable use of force; the inadequate screening, hiring, retaining, training, and supervising of its employees, and; due to discrimination against plaintiffs based on their race.

34.    The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding searching, detaining, and arresting individuals; the use of force; and that many NYPD officers improperly abuse their authority to arrest individuals in an attempt to cover up their use of excessive force or other misconduct; and commit perjury and manufacture evidence to convict such individuals, and that

5

they otherwise engage in a custom or practice of falsification.

35.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

36.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

37.    As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their liberty and their constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

38.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "37" with the same force and effect as if fully set forth herein.

39.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

40.    All of the aforementioned acts deprived plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of

6

42 U.S.C. §§ 1981 and 1983.

41.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

42.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

43.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

44.     As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

45.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendants arrested plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. without probable cause, causing him to be detained against their will for an extended period of time and subjected to physical restraints.

7

47.     Defendants caused plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. to be falsely arrested and unlawfully imprisoned.

48.     As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

49.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff EMMANUEL RODRIGUEZ's constitutional rights.

51.     As a result of the aforementioned conduct of defendants, plaintiff EMMANUEL RODRIGUEZ was subjected to excessive force and sustained physical injuries.

52.     As a result of the foregoing, plaintiff EMMANUEL RODRIGUEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983)

53.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" with the same force and effect as if fully set forth herein.

8

54.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to plaintiff EMMANUEL RODRIGUEZ's serious medical needs by disregarding an excessive risk to the plaintiff EMMANUEL RODRIGUEZ's health or safety, which is forbidden by the Constitution of the United States.

55.    As a result of the foregoing, plaintiff EMMANUEL RODRIGUEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

56.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.    Defendants maliciously issued criminal process against plaintiffs EMMANUEL RODRIGUEZ and ANTHONY BARETTO by causing them to appear in Kings County Criminal Court.

58.    Defendants caused plaintiffs EMMANUEL RODRIGUEZ and ANTHONY BARETTO, to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their illegal conduct.

59.    As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ and ANTHONY BARETTO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

9

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

60.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff ANTHONY BARETTO.

62.     Defendants caused plaintiff ANTHONY BARETTO to be prosecuted without any probable cause until the charges were dismissed on or about May 16, 2011.

63.     As a result of the foregoing, plaintiff ANTHONY BARETTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

64.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants had an affirmative duty to intervene on behalf of plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. whose constitutional rights were being violated in their presence by other officers.

66.     The defendants failed to intervene to prevent the unlawful conduct described herein.

67.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints, and detained without probable cause. In addition,

10

plaintiffs ANTHONY BARETTO and EMMANUEL RODRIGUEZ were maliciously prosecuted and plaintiff EMMANUEL RODRIGUEZ was subjected to excessive force and he was unreasonably delayed medical treatment.

68.     As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

69.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     The supervisory defendants personally caused plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR.'s constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

71.     As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

72.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

11

paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     The defendants seized, assaulted, battered detained, arrested, imprisoned and prosecuted plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. because of their national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

74.     As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. were deprived of their rights under the Equal Protection Clause of the United States Constitution.

75.     As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

76.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

78.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, falsely arresting citizens and/or using excessive force on them, and then committing perjury and/or manufacturing

evidence in an effort to convict such individuals, and otherwise engaging in a custom or practice of falsification. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising it's employees that was the moving force behind the violation of plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR.'s rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

79.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR.

80.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. as alleged herein.

81.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. as alleged herein.

82.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. were seized,

falsely arrested, and imprisoned, and plaintiff EMMANUEL RODRIGUEZ was subjected to excessive force and delayed medical attention.

83.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR.'s constitutional rights.

84.     All of the foregoing acts by defendants deprived plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from the use of excessive force and/or the failure to intervene;

        C.     To be free from seizure and arrest not based upon probable cause;

        D.     To be free from malicious abuse of process;

        E.     To be free from malicious prosecution;

        F.     To be free from false imprisonment/arrest; and

        G.     To receive equal protection under law.

85.     As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### Supplemental State Law Claims

86.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

88.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

89.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

90.     Plaintiffs have complied with all conditions precedent to maintaining the instant action.

91.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

92.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Defendants arrested plaintiffs without probable cause.

94.     Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

95.     As a result of the aforementioned conduct, plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

96.     As a result of the aforementioned conduct, plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

97.    As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

98.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.    As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. were placed in apprehension of imminent harmful and offensive bodily contact.

100.    As a result of defendant's conduct, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

101.    As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

102.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth

herein.

103.    Defendants made offensive contact with plaintiffs without privilege or consent.

104.    As a result of defendants' conduct, plaintiffs have suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

105.    As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

106.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.    Defendants issued criminal process against plaintiffs EMMANUEL RODRIGUEZ and ANTHONY BARETTO by causing them to be arrested, and requiring their appearance in Kings County Criminal Court.

108.    Defendants compelled plaintiffs' appearance to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

109.    As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ and ANTHONY BARETTO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount

17

to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

110.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.   Defendants initiated, commenced and continued a malicious prosecution against plaintiff ANTHONY BARETTO.

112.   Defendants caused plaintiff ANTHONY BARETTO to be prosecuted without probable cause until the charges were dismissed on or about May 16, 2011.

113.   As a result of the foregoing, plaintiff ANTHONY BARETTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

114.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.   The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

116.   The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

117.   The aforementioned conduct was committed by defendants while acting in

furtherance of their employment by defendant CITY OF NEW YORK.

118.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

119.    As a result of the aforementioned conduct, plaintiffs suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

120.    As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

121.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

123.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

124.    As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. are entitled to compensatory damages in an amount to be

fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

125.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth herein.

126.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiffs and excessive use of force against EMMANUEL RODRIGUEZ.

127.    As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

128.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "127" with the same force and effect as if fully set forth herein.

129.    Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on

20

duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

130.    As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

131.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "130" with the same force and effect as if fully set forth herein.

132.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

133.    As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

134.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "133" with the same force and effect as if fully set forth

herein.

135.    As a result of defendants' conduct, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. were deprived of their right to equal protection of laws.

136.    As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A TWENTY-SECOND CAUSE OF ACTION**
(Violation of N.Y.S. Constitution Article 1 §12)

137.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "136" with the same force and effect as if fully set forth herein.

138.    As a result of defendants' conduct, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. were deprived of their right to security against unreasonable searches, seizures, and interceptions.

139.    As a result of the foregoing, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and JAVIER OLIVO, JR. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs EMMANUEL RODRIGUEZ, ANTHONY BARETTO, and

JAVIER OLIVO, JR. demand judgment and pray for the following relief, jointly and severally,

against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined

        by a jury;

(C)     reasonable attorney's fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       August 9, 2012

                        LEVENTHAL & KLEIN, LLP
                        Attorneys for Plaintiffs
                        EMMANUEL RODRIGUEZ,
                        ANTHONY BARETTO, and JAVIER OLIVO, JR.
                        45 Main Street, Suite 230
                        Brooklyn, New York 11201
                        (718) 722-4100

                        By:  _____
                             BRETT H. KLEIN (BK4744)

23